

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–13–118

| | |
|---|---|
| VILAYCHANH PHENGTHAVY<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 4, 2013<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH AND GREENWOOD DISTRICTS<br>[NOS. CR–2007–302, CR–2007–303, CR–2007–304, CR–2007–943(b), G–CR–2011–37]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>SUPPLEMENTATION OF ADDENDUM ORDERED |

## RITA W. GRUBER, Judge

Appellant Vilaychanh Phengthavy's suspended sentences for various drug-related convictions were revoked in an order entered on December 19, 2012, and he was sentenced to 124 years in prison with 94 years suspended. His sentences were revoked because he committed the offense of delivery of methamphetamine, a violation of the terms and conditions of his suspended sentences. On appeal, he contends that there is insufficient evidence to support the revocation and that the State's failure to notify him that his violation was based on accomplice liability was fundamentally unfair. Because appellant has submitted a brief without a proper addendum in violation of Ark. Sup. Ct. R. 4–2(a)(8)(A)(i), we order appellant to submit a supplemental addendum.

SLIP OPINION

The Fort Smith Police Department set up a controlled buy using a confidential informant on September 24, 2012. The informant was wearing a video and audio recording device. The informant had been given $100 in various bills whose serial numbers had been recorded. The informant met a female, Mickayla Akins, in a Walmart parking lot. Ms. Akins was in a white Chevrolet truck being driven by appellant. The informant got in the truck, and appellant drove the truck around the parking lot while Ms. Akins sold methamphetamine to the informant in exchange for the $100. After the informant got out of the truck and gave the methamphetamine to the police, the police stopped appellant's truck. Based on this incident, the State filed a petition to revoke appellant's suspended sentences.

The video of the transaction was introduced into evidence and played for the court. On appeal, appellant argues that he did not speak to or look at the confidential informant during the transaction and merely drove the truck. To support his argument, appellant cites a blank page in the addendum that contains a copy of the sticker for State's Exhibit 1 but no exhibit. State's Exhibit 1 was the video recording of the transaction.

Rule 4–2(a)(8)(A)(i) requires the addendum to include all items that are essential for the appellate court to understand the case and to decide the issues on appeal, including exhibits such as CDs and DVDs. Appellant's addendum is deficient because it does not contain the DVD of the transaction, which was relied on by the trial court and is being cited by appellant as support for his argument on appeal. Accordingly, we order appellant to file a supplemental addendum to provide the video exhibit to the members of the court within seven calendar days from the date of this opinion.

 

Supplementation of addendum ordered.

Pittman and Wynne, JJ., agree.

*The Lancaster Law Firm, PLLC*, by: *Clinton W. Lancaster*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.